1
2
3
4
5                    UNITED STATES DISTRICT COURT
6                   SOUTHERN DISTRICT OF CALIFORNIA
7
8    UNITED STATES OF AMERICA,              Case No.: 10CR4294-03-WQH
9                              Plaintiff,   **ORDER**
10   v.
11    ANDRE CARROLL,
12                              Defendant.
13
     HAYES, Judge:
14
15          The matters before the Court are the Motion to Vacate Conviction (ECF No. 126)
16   and the Request to Waive Court Fees (ECF No. 127) filed by Defendant Andre Carroll.
17          On November 17, 2011, this Court sentenced Defendant to the custody of the Bureau
18   of Prisons for five months followed by a two-year term of supervised release pursuant to
19   his plea of guilty to Conspiracy to Affect Commerce by Robbery and Extortion in violation
20   of 18 U.S.C. § 1951(a). (ECF No. 95.)
21          On October 4, 2013, the Court granted Defendant's motion for early termination of
22   his supervised release. (ECF No. 109.)
23          On August 4, 2022, Defendant filed the Motion to Vacate Conviction and the
24   Request to Waive Court Fees. (ECF Nos. 126 & 127). These filings are pre-printed forms
25   prepared by the Superior Court of California. On these forms, Defendant appears to request
26   that this Court expunge the record of his conviction. Specifically, Defendant states:
27          I have completed and complied with all of the court ordered probation and
            paid all court ordered restitution. I have not committed any recent offenses, in
28          fact I have been employed for 2 years as a maintenance lead, supervising 4

                                              1

individuals. I am happily married with 4 wonderful children. I am asking court to grant my expungement request so that I can put this behind me and continue to live [my] life with my family in a positive way while moving forward.

(ECF No. 126 at 3.)

"Congress has not expressly granted to the federal courts a general power to expunge criminal records. Nevertheless, … federal courts have inherent authority to expunge criminal records in appropriate and extraordinary cases." *United States v. Crowell*, 374 F.3d 790, 793 (9th Cir. 2004). "[D]istrict courts do not have the power 'to expunge a record of a valid arrest and conviction solely for equitable considerations,' because 'the expungement of the record of a valid arrest and conviction usurps the powers that the framers of the Constitution allocated to Congress, the Executive, and the states.'" *Id*. (quoting *United States v. Sumner*, 226 F.3d 1005, 1014 (9th Cir. 2000)). Accordingly, "a district court's ancillary jurisdiction is limited to expunging the record of an unlawful arrest or conviction, or to correcting a clerical error." *Sumner*, 226 F.3d at 1014.

Defendant makes no assertion that his expungement request involves "an unlawful arrest or conviction" or "correcting a clerical error." *Id*. Defendant instead offers only equitable considerations for his expungement request. However, this Court does not possess "the power to expunge a record of a valid arrest and conviction solely for equitable considerations." *Crowell*, 374 F.3d at 793 (quotation omitted).

IT IS HEREBY ORDERED that the Motion to Vacate Conviction (ECF No. 126) and the Request to Waive Court Fees (ECF No. 127) are denied.

Dated:  October 12, 2022

Hon. William Q. Hayes
United States District Court

2

10CR4294-03-WQH